ACCEPTED
02-15-0001-CV
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
1/9/2015 2:59:16 PM
DEBRA SPISAK
CLERK

IN THE COURT OF APPEALS

FOR THE SECOND DISTRICT OF TEXAS

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
1/9/2015 2:59:16 PM
DEBRA SPISAK
Clerk

IN RE                        §
JULIS EDWARD PERALES         §      NO. 02-15-00001-CV
                             §

RESPONSE TO PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, the Real Party in Interest, the State of Texas, by and through the Hon. Sharen Wilson, the Criminal District Attorney of Tarrant County, Texas, and hereby responds to the relator's application for writ of mandamus.

IDENTITY OF PARTIES AND COUNSEL

The relator in the present cause is Julis Edward Perales, who has filed an application for writ of habeas corpus challenging his conviction for capital murder in the underlying cause, styled Ex parte Julis Edward Perales, cause number C-396-009930-1005465-A. The respondent is the 396th Judicial District Court of Tarrant County, Texas

(herein after "the trial court"). The real party in interest is Sharen Wilson, the elected criminal district attorney of Tarrant County, Texas (herein after "State").

The relator is proceeding *pro se* on this petition for writ of mandamus and on his underlying application for writ of habeas corpus. The real party in interest is represented by Steven W. Conder, 401 W. Belknap, Fort Worth, Texas 76196-0201.

## TABLE OF CONTENTS

Identity of Parties and Counsel ...................... 1

Index of Authorities ................................. 3

Statement of the Case ................................ 4

State's Response to Issue Presented .................. 5

Argument ............................................. 6

    A. Jurisdiction ................................. 6

    B. Relator Not Entitled to Mandamus Relief ....... 7

        1. No Clear Abuse of Discretion .............. 8

        2. Other Adequate Legal Remedies ............. 9

Conclusion .......................................... 10

Prayer ..................................................10

Certificate of Service ...............................11

Certificate of Compliance ...........................11

Appendix A ..........................Writ Application

Appendix B ...........State's Proposed Findings of Fact

## INDEX OF AUTHORITIES

Cases

Ashorn v. State,
  77 S.W.3d 405........................................6

Canadian Helicopters Ltd. v. Wittig,
  876 S.W.2d 304 (Tex. 1994)........................7, 8

Ex parte Harleston,
  431 S.W.3d 67 (Tex. Crim. App. 2014).................8

In re McAfee,
  53 S.W.3d 715 (Tex. App. –
Houston [1st Dist.] 2001).........................7, 9

In re McCoin,
  2004 WL 612815 (Tex. App. – Texarkana 2004)..........9

In re Menniefee,
  2014 WL 5474798 (Tex. App. – Dallas 2014)...........7

Perales v. State,
  2008 WL 4531659 (Tex. App. – Fort Worth 2008, pet....4

Tilton v. Marshall,
  925 S.W.2d 672 (Tex. 1996)...........................8

Statutes

Tex. Code Crim. Proc. art. 11.05 .....................6

Tex. Code Crim. Proc. art. 11.07 §3(d) ...............9

Tex. Govt. Code §22.221(d) ...........................6

Rules

Tex. R. App. P. 9.4(e) ..............................11

Tex. R. App. P. 9.4(i) ..............................11

Tex. R. App. P. 9.4(i)(1) ...........................11

STATEMENT OF THE CASE

The relator was convicted by a jury of the offense of capital murder on July 19, 2007, and was sentenced to life confinement.  See Judgment, cause number 1005465D.  This Court affirmed his conviction on October 9, 2008.  See Perales v. State, 2008 WL 4531659 (Tex. App. – Fort Worth 2008, pet. dismissed).

On June 18, 2013, the relator filed an application for writ of habeas corpus with the trial court raising ten

grounds for relief.  See Ex parte Perales, No. C-396-009930-10005465-A (application).  His application remains pending with the trial court.[1]

On January 5, 2015, the relator filed this petition for writ of mandamus requesting the Court order the trial court to rule on his motion for an evidentiary hearing.  See Original Application for Writ of Mandamus - cause number 02-15-00001-CV.  The Court has ordered the State to respond to the relator's petition by January 20, 2015.

## STATE'S RESPONSE TO ISSUE PRESENTED

This Court lacks jurisdiction to consider the relator's application for writ of mandamus because it concerns the issues raised in his article 11.07 application for writ of habeas corpus.  Alternatively, the relator is not entitled to mandamus relief because the trial court's

---

[1] On July 23, 2014, the State filed proposed findings of fact and conclusions of law in which it agreed that the relator is entitled to a new sentencing hearing because he received a life without parole sentence for a crime that he committed when he was seventeen years old.  See Ex parte Perales, C-396-009930-10005465-A (proposed findings of fact and conclusions of law).

5

inaction is not a clear abuse of discretion and he has other legal remedies.

ARGUMENT

**A.   Jurisdiction**

An intermediate court of appeals has no jurisdiction relating to applications for habeas corpus relief in connection with criminal proceedings.   See Ashorn v. State, 77 S.W.3d 405, 409 (Tex. App. - Houston [1st Dist.] 2002, pet. refused).   The Texas Government Code limits the habeas corpus jurisdiction of intermediate courts of appeals to civil matters.   See Tex. Govt. Code §22.221(d). By contrast, the Texas Code of Criminal Procedure places habeas corpus jurisdiction over criminal matters with the Court of Criminal Appeals, the district courts and the county courts.   See Tex. Code Crim. Proc. art. 11.05.

Article 11.07, which provides the exclusive procedure for habeas corpus relief from a non-death penalty felony judgment, contains no role for the intermediate courts of appeals; the only courts referred to are the convicting

6

court and the Court of Criminal Appeals.  See In re McAfee, 53 S.W.3d 715, 718 (Tex. App. – Houston [1st Dist.] 2001); In re Menniefee, 2014 WL 5474798 (Tex. App. – Dallas 2014) (not designated for publication).  Accordingly, the intermediate courts of appeals have no mandamus jurisdiction in matters related to pending petitions for writ of habeas corpus.  See In re McAfee, 53 S.W.3d at 718; In re Menniefee, page 1.[2]

## B.  Relator Not Entitled to Mandamus Relief

Mandamus is an extraordinary remedy, available only in limited circumstances.  Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994).  A relator seeking mandamus relief must show (1) that a respondent either failed to perform a clear legal duty or committed a clear abuse of discretion; (2) that the relator's legal remedies are inadequate; and (3) that the petition raises important

---

[2]   In fact, In re Menniefee deals with this exact same situation of a trial court's inaction on a motion for an evidentiary hearing in an article 11.07 habeas corpus proceeding.  See In re Menniefee, page 1.

7

issues for the state's jurisprudence.  Tilton v. Marshall, 925 S.W.2d 672, 682 (Tex. 1996).  Such a limitation is necessary to preserve "orderly trial proceedings" and to prevent the "constant interruptions of the trial process by appellate courts".  Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d at 305.  Consistent with this narrow approach to mandamus, a heavy burden of showing an abuse of discretion as well as the inadequacy of a remedy by appeal is placed on the relator.  Id.

## 1.  *No Clear Abuse of Discretion*

The trial court's conduct in not considering the merits of the relator's request for an evidentiary hearing is not a clear abuse of discretion.

Article 11.07 permits a trial court to conduct a live hearing, as well as consider affidavits, depositions, interrogatories, and the judge's own personal recollection if the habeas judge was also the trial judge.  See Ex parte Harleston, 431 S.W.3d 67, 70 (Tex. Crim. App. 2014); Tex. Code Crim. Proc. art. 11.07 §3(d).  Nothing in article

11.07 requires a trial court to conduct a live hearing in order to resolve an article 11.07 application for writ of habeas corpus. See Tex. Code Crim. Proc. art. 11.07 §3(d). See also In re McCoin, 2004 WL 612815 (Tex. App. – Texarkana 2004) (not designated for publication) (article 11.07 writ applicant not entitled to a live evidentiary hearing).

Thus, the trial court had no obligation to rule on the relator's motion and, likewise, did not clearly abuse its discretion by not ruling on the relator's motion.

*2. Other Adequate Legal Remedies*

The relator has other adequate legal remedies for challenging the trial court's inaction on his motion for an evidentiary hearing. Specifically, he may seek mandamus relief from the Court of Criminal Appeals to complain about an action or inaction of the convicting court. See In re McAfee, 53 S.W.3d at 718.

## CONCLUSION

This Court lacks mandamus jurisdiction in matters related to pending article 11.07 applications for writ of habeas corpus. The relator is not entitled to mandamus relief because the trial court did not clearly abuse its discretion, and he has other legal remedies.

WHEREFORE, PREMISES CONSIDERED, the State prays the Court deny the relator's petition for writ of mandamus.

Respectfully submitted,

SHAREN WILSON
Criminal District Attorney
Tarrant County, Texas

DEBRA WINDSOR
Chief, Post-Conviction

/s/ Steven W. Conder
STEVEN W. CONDER, Assistant
Criminal District Attorney
401 W. Belknap
Fort Worth, Texas  76196-0201
(817) 884-1687
FAX (817) 884-1672
State Bar No. 24073106
COAAppellatealerts@tarrantcountytx.gov

10

## CERTIFICATE OF SERVICE

A true copy of this mandamus response will be mailed to the realtor, Mr. Julis Edward Perales, TDCJ-ID #01449158, Hughes Unit, Route 2, Box 4400, Gatesville, Texas 76597, on this, the 9th of January, 2015. A true copy of this mandamus response will be hand-delivered to the respondent, the Hon. George W. Gallagher, Judge, 396th Judicial District Court, 401 W. Belknap, Fort Worth, Texas 76196, on this, the 9th of January, 2015

/s/ Steven W. Conder
STEVEN W. CONDER

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document complies with the word-count limitations of Tex. R. App. P. 9.4(i) because it contains approximately 1067 words, excluding those parts exempted by Tex. R. App. P. 9.4(i)(1), as computed by

11

Microsoft Office Word 2010 - the computer program used to prepare the document.

                                /s/ Steven W. Conder
                                STEVEN W. CONDER



C-396-009930-1005465-A
Case No. _____
(The Clerk of the convicting court will fill this line in.)

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

APPLICATION FOR A WRIT OF HABEAS CORPUS
SEEKING RELIEF FROM FINAL FELONY CONVICTION
UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: __JULIS PERALES__

DATE OF BIRTH: __JANUARY 27, 1988__
PLACE OF CONFINEMENT: __ALLAN B. POLUNSKY__

TDCJ-CID NUMBER: __1449158__          SID NUMBER: _____

(1)     This application concerns (check all that apply):

☒     a conviction                    ☐     parole

☒     a sentence                      ☐     mandatory supervision

☐     time credit                     ☐     out-of-time appeal or petition for
                                              discretionary review

(2)     What district court entered the judgment of the conviction you want relief from?
        (Include the court number and county.)

        __396TH DISTRICT COURT, TARRANT COUNTY__

(3)     What was the case number in the trial court?

        __1005465D__

(4)     What was the name of the trial judge?

        __HONORABLE JUDGE GEORGE GALLAGHER__

CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

JUN 18 2013

RECEIVED BY APPELLATE
SECTION

BY: _____

1

Revised: September 1, 2011                                    ATC-11.07

(5)    Were you represented by counsel? If yes, provide the attorney's name:

    MR. TIM MOORE AND MR. BOB FORD

(6)    What was the date that the judgment was entered?

    JULY 19, 2007

(7)    For what offense were you convicted and what was the sentence?

    CAPITAL MURDER: MANDATORY LIFE SENTENCE

(8)    If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

    N/A

(9)    What was the plea you entered? (Check one.)

☐ guilty-open plea    ☐ guilty-plea bargain
☒ not guilty    ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:
N/A

(10)    What kind of trial did you have?

☐ no jury    ☒ jury for guilt and punishment

☐ jury for guilt, judge for punishment

(11)    Did you testify at trial? If yes, at what phase of the trial did you testify?

    NO.

(12)    Did you appeal from the judgment of conviction?

☒ yes    ☐ no

2

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to? SECOND COURT OF APPEALS

(B) What was the case number? 02-07-00268-CR

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:
YES. MR. DON HASE.

(D) What was the decision and the date of the decision? AFFIRMED

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

☒ yes          ☐ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number? _____

(B) What was the decision and the date of the decision? Denied: 2-8-2009

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☐ yes          ☒ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number? N/A

(B) What was the decision and the date of the decision? N/A

(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

N/A

3

N/A

(15)  Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes          ☒ no

If you answered yes, please provide the name of the court and the case number:

N/A

(16)  If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes          ☒ no

If you answered yes, answer the following questions:

(A)  What date did you present the claim?  N/A

(B)  Did you receive a decision and, if yes, what was the date of the decision?

N/A

If you answered no, please explain why you have not submitted your claim:

N/A

(17)  Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.*

4

If you have more than four grounds, use page 10 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence.

You may attach a memorandum of law to the form application if you want to present legal authorities, but the Court will *not* consider grounds for relief in a memorandum of law that were not stated on the form application. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

Revised: September 1, 2011                                                              ATC-11.07

**GROUND ONE:**

PROSECUTORIAL MISCONDUCT FOR PURPOSELY MISSTATING LAW TO PROSPECTIVE JURORS DURING THE STATE'S VOIR DIRE EXAMINATION, DENYING A FAIR TRIAL.

**FACTS SUPPORTING GROUND ONE:**

THE STATE'S PROSECUTOR, MS. TOURJE, MISSTATED THE LAW BEFORE THE PROSPECTIVE JURORS DURING THE VOIR DIRE EXAMINATION ON TEN (10) DIFFERENT OCCASIONS, TWO (2) WHICH DEFENSE COUNSEL, BOB FORD, INTER-JECTED OBJECTIONS. (RR. 4: 102-123).

MS. TOURJE REPEATEDLY STATED BEFORE THE PROSPECTIVE JURORS THAT APPLICANT COULD BE HELD RESPONSIBLE FOR THE CONDUCT OF ANOTHER BY THE WORDS AND PHRASES, "COULD HAVE BEEN ANTICIPATED," AND "REASONABLY ANTICIPATED."

6

Revised: September 1, 2011

ATC-11.07

**GROUND TWO:**
Prosecutorial Misconduct for falsifying facts and testimonial evidence, and making comments outside the record.

**FACTS SUPPORTING GROUND TWO:**
The Stat's prosecutor, Ms. Tourje, tainted the evidence by falsifying the facts and arguing outside the evidence presented in this case by the following:

"This issue is Capital Murder. Mr. Regmi was executed, executed through the plan of this man in this courtroom." (RR. 7:122).

"And the actions of Birmingham, [Applicant's] own friend, they were in the car together before they even picked up the white boy, Darryl Quinones, the two of them, I submit to you, had a plan already in place." (RR. 7:119).

The State's prosecutors continuously made statements outside the record throughout the entire Closing Argument. Applicant was prejudiced by the misconduct of the State's Prosecutors, by their falsification of the facts and arguments outside the evidence in this case, therefore, prejudicing the fairness of Applicant's trial, denying him due process of law.

7

Revised: September 1, 2011

**GROUND THREE:**

Prosecutorial misconduct for impeaching the state's own witness.

**FACTS SUPPORTING GROUND THREE:**

The State's Prosecutor, Ms. Tourje, impeached the testimony of the State's own witness, Darryl Quinones, during the State's closing arguments.

Mr. Quinones signed a plea agreement with the State receiving a ten (10) year sentence in TDCJ for the truthful testimony at Applicant's trial. The state sponsored a plea agreement with Mr. Quinones and have vouched for the entirety of his testimony.

during the State's closing argument by Ms. Tourje, she stated, "Darryl Quinones' opinion is his opinion." and "So what if Darryl Quinones tell you all day long...." (RR 7:114-115).

Ms. tourje statement to the Jury discredited the testimony of the State's witness and it is improper for a prosecutor to disavow even one iota of the State's own witness without breaking the plea agreement.

Applicant was denied a fair and impartial trial due to the State's Prosecutor, Ms. Tourje's misconduct.

8

**GROUND FOUR:**
No evidence to support a guilty verdict of Capital Murder.

**FACTS SUPPORTING GROUND FOUR:**
Neither requirement under the Criminally Responsible by Conduct of Another were met.

The State failed to prove, either, that one (1) ~~the Murga~~ the Murder was committed in Furtherance of the robbery, or two (2) that Applicant should have anticipated the murder as a result of carrying out the robbery. Both elements were required to support a guilt verdict.

State relied solely on testimony of the state's witness in which they later impeached.

9

GROUND: FIVE

JUDICIAL MISCONDUCT FOR FAILURE TO TIMELY APPOINT SECOND COUNSEL FOR DEFENDANT CHARGED CAPITAL MURDER.

FACTS SUPPORTING GROUND:

ON JANUARY 3, 2006, THE TRIAL COURT FOUND APPLICANT TO BE INDIGENT, CONSEQUENTLY, TIM MOORE WAS APPOINTED TO REPRESENT APPLICANT. (CR. 8). ON JANUARY 11, 2006, APPLICANT WAS CHARGED WITH CAPITAL MURDER. (CR. 2) THE SAME DAY, THE STATE ANNOUNCED TO THE TRIAL COURT THAT IT IS "READY FOR TRIAL" IN THIS CASE. (CR. 10). ONLY, WELL OVER A YEAR LATER, ON MARCH 21, 2007, WAS APPLICANT THEN APPOINTED HIS SECOND COUNSEL, BOB FORD. THE TRIAL COURT FAILED TO TIMELY APPOINT A SECOND COUNSEL AS SOON AS APPLICANT WAS CHARGE, AS PREDICTED BY LAW, THUS FAILING IN ITS MINISTERIAL DUTY, WHICH ALSO DENIED APPLICANT EFFECTIVE ASSISTANCE OF COUNSEL IN THE CRUCIAL AND CRITICAL STAGES OF THE OFFENSE ALLEGED AGAINST HIM: CAPITAL MURDER. APPLICANT WAS DENIED DUE PROCESS OF LAW, THUS WAS HARMED.

WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.

10

Revised: September 1, 2011

ATC-11.07

GROUND: SIX
   INEFFECTIVE ASSISTANCE OF COUNSEL OF MR. BOB FORD

FACTS SUPPORTING GROUND:
   TRIAL COUNSEL, BOB FORD, WAS INEFFECTIVE FOR FAILURE TO
OBJECT IN (A) VOIR DIRE OF JURY SELECTION; (B) TRIAL PROCEE-
DINGS; AND (C) CLOSING ARGUMENT.

WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT
RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.

10

GROUND: SEVEN

INEFFECTIVE ASSISTANCE OF COUNSEL OF MR. TIM MOORE

FACTS SUPPORTING GROUND:

TRIAL COUNSEL, TIM MOORE, PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO OBJECT, AS LEAD COUNSEL, WHERE SECONDARY COUNSEL, BOB FORD FAILED TO. MR. FORD WAS APPOINTED TO ASSIST TIM MOORE, (CR. III). ALTHOUGH MR. FORD MADE ALL THE OBJECTIONS, OR FAILED TO MAKE OBJECTIONS, TO THE PREJUDICES DONE TO APPLICANT THROUGHOUT THE ENTIRETY OF THE CRIMINAL PROCEEDINGS (SEE GROUND SIX), AND WAS THE ONE WHO FILED INEFFECTIVE ASSISTANCE ON HIMSELF ON THE RECORD (RR. 6:99-100), MR. MOORE IS ADEQUATELY EQUITABLE TOO, BECAUSE HE, AS LEAD COUNSEL, FAILED TO OBJECT WHERE MR. FORD FAILED. AS A WHOLE, APPLICANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.

10

Revised: September 1, 2011                                    ATC-11.07

GROUND: EIGHT

TRIAL COURT REVERSIBLY ERRED AND ABUSED ITS DISCRETION BY ADMITTING INVOLUNTARY VIDEOTAPED STATEMENT INTO EVIDENCE.

FACTS SUPPORTING GROUND:

APPLICANT'S VIDEOTAPED STATEMENT/CONFESSION WAS NOT VOLUNTARY, THUS, WAS NOT ADMISSIBLE EVIDENCE. APPLICANT'S VIDEOTAPED STATEMENT/CONFESSION WAS EXTRACTED FROM POLICE MISCONDUCT, E.G., IMPLIED BENEFITS; INDIRECT THREATS; AND PSYCOLOGICAL COECION, THUS, STATEMENT/CONFESSION EXTRACTED THEREFROM IS INVOLUNTARY AND INADMISSIBLE. TRIAL COURT ERRED BY ADMITTING INTO THE EVIDENCE.

WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.

10

ATC-11.07

GROUND: NINE

  INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL OF

MR. DON HASE

FACTS SUPPORTING GROUND:

  APPELLATE COUNSEL, DON HASE, PROVIDED INEFFECTIVE

ASSISTANCE OF COUNSEL ON DIRECT APPEAL FOR FAILURE

TO RAISE INSUFFICIENT EVIDENCE TO SUPPORT CONVICTION,

WHERE EVERY ELEMENT OF THE JURY CHARGE WAS NOT PROVEN

BEYOND A REASONABLE DOUBT AS REQUIRED BY LAW.

WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT
RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.

10

ATC-11.07

GROUND: TEN
CRUEL AND UNUSUAL PUNISHMENT

FACTS SUPPORTING GROUND:

APPLICANT SUFFERED CRUEL AND UNUSUAL PUNISHMENT
WHEN HE WAS ASSESSED A MANDATORY LIFE SENTENCE WITH-
OUT THE POSSIBILITY OF PAROLE FOR A CAPITAL OFFENSE
CONVICTION COMMITTED AS A JUVENILE.

WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT
RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.

10

ATC-11.07

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

## OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20__.

_____
Signature of Notary Public

11

ATC-11.07

## PETITIONER'S INFORMATION

Petitioner's printed name: __JULIS PERALES__

State bar number, if applicable: __N/A__

Address: __ALLAN B. POLUNSKY UNIT__

__3872 FM 350 SOUTH__

__LIVINGSTON, TEXAS   77351__

Telephone: __N/A__

Fax: __N/A__

## INMATE'S DECLARATION

I, __Julis Perales__, am the (applicant)/ petitioner (circle one) and being presently incarcerated in __Allan B. Polunsky__, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on __JUNE 6__, 20__13__.

Signature of (Applicant)/ Petitioner (circle one)

12

## PETITIONER'S INFORMATION

Petitioner's printed name: JULIS PERALES

Address: ALLAN B. POLUNSKY UNIT

3872 FM 350 SOUTH

LIVINGSTON, TEXAS 77351

Telephone: N/A

Fax: N/A

Signed on JUNE 6 , 20 13 .

_____
Signature of Petitioner

13

ATC-11.07

B

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

JUL 23 2014

TIME_____
BY_____
_____ DEPUTY

NO. C-396-009930-1005465-A

| | | |
|---|---|---|
| EX PARTE | § | IN THE 396th JUDICIAL |
| | § | |
| | § | DISTRICT COURT OF |
| | § | |
| | § | |
| JULIS EDWARD PERALES | § | TARRANTCOUNTY, TEXAS |

## STATE'S PROPOSED MEMORANDUM, FINDINGS OF FACT AND CONCLUSIONS OF LAW

The State proposes the following Memorandum, Findings of Fact and Conclusions of Law regarding the issues raised in the present Application for Writ of Habeas Corpus.

## MEMORANDUM

The applicant, JULIS EDWARD PERALES ("Applicant"), alleges his confinement is illegal for the following reasons: (1) prosecutorial misconduct (Grounds One, Two, and Three); (2) no evidence to support his conviction (Ground Four); (3) judicial misconduct (Ground Five); (4) ineffective assistance of counsel (Grounds Six and Seven); (5) inadmissible evidence (Ground Eight); (6) ineffective assistance of appellate counsel (Ground Nine); and (7) cruel and unusual punishment (Ground Ten). *See* Application, p. 6-10f.

In response to an order from this Court, Hon. Tim Moore, Applicant's trial counsel[1], have filed affidavits addressing Applicant's claims. In light of

_____

[1] Hon. Moore's co-counsel, Hon. Robert Ford, passed away in 2011.

FILE COPY

Applicant's contentions and the evidence presented in the Writ Transcript, the Court should consider the following proposed findings of fact and conclusions of law:

## FINDINGS OF FACT

*General Facts*

1. Applicant was convicted by the jury of the capital offense of capital murder on July 19, 2007. *See* Judgment, No. 1005465D.

2. As required by statute, Applicant was sentenced to confinement for life in the Texas Department of Criminal Justice – Institutional Division. *See* Judgment.

3. The Second Court of Appeals affirmed the trial court's judgment on October 9, 2008. *Perales v. State*, No. 02-07-268-CR, 2008 WL 4531659 (Tex. App. – Fort Worth Oct. 9, 2008, pet. ref'd) (not designated for publication).

4. Mandate was issued on May 15, 2009. *See* Criminal Docket Sheet, No. 02-07-268-CR, Vol. II, p. 2.

*Prosecutorial Misconduct (Grounds One, Two, and Three)*

5. The State discussed the law that one can be responsible for another's actions if the actions "should have been anticipated"; they "could have anticipated it"; and "could reasonably anticipate from all the facts." [4 RR 102-03.

6. During voir dire, the State had a slide that properly used the term "should" and explained to the jury that, even though she used the word "could," the law required that the action "should have been anticipated." [4 RR 111]

2

7. The jury was instructed as follows:

"A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense; or if, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose, and was one that should have been anticipated as a result of the carrying out of the conspiracy. Capital murder, murder and aggravated robbery are felonies."

[CR 159]

8. The State argued that Applicant and Birmingham planned the robbery before they picked up Quinones. [7 RR 119]

9. Quinones testified that Applicant and Birmingham came to his house asking him if he wanted to help rob someone. [6 RR 200]

10. Quinones testified that, while in the car, they all discussed robbing a clerk at a gas station. [6 RR 203-04]

11. Quinones testified that they discussed that "[Birmingham was] going to use the gun and hold up the cash register, and [Quinones was] going to be the lookout, drive away, and [Applicant was] going to go in there and assist him." [6 RR 203]

12. The State's argument that Applicant and Birmingham planned the robbery was a summation of Quinones' testimony.

13. The State argued that Applicant should have anticipated that the clerk was going to get killed and that the clerk "was executed, executed through the plan of this man in this courtroom." [7 RR 121-22]

14. The State's argument that the clerk was killed through the plan of Applicant was a reasonable inference from the fact that Applicant planned the robbery and the clerk was killed as a result.

3

15. Applicant's counsel argued that Quinones testified that there was no way that Applicant should have anticipated that Birmingham would kill the clerk. [7 RR 112]

16. The State argued that Quinones' opinion that Applicant could not have anticipated that Birmingham would kill the clerk was his opinion but that it was the jury's opinion that mattered. [7 RR 114]

17. The State did not argue to the jury that they should not believe Quinones. [7 RR 115]

18. The State argued that Quinones' testimony that he and Applicant did not plan to kill the clerk was irrelevant because no premeditation was required. [7 RR 115]

19. The State's argument that Quinones' opinion that Applicant could not have anticipated the death and that whether they planned to kill the clerk was irrelevant was in response to defense argument. [7 RR 112-15]

*No Evidence (Ground Four)*

20. The State presented the store's surveillance videotape that showed the jury the robbery and the shooting. *See Perales v. State*, No. 02-07-268-CR, 2008 WL 4531659, *1 (Tex. App. – Fort Worth Oct. 9, 2008, pet. ref'd) (not designated for publication).

21. The jury heard Applicant's video confession that he participated in the robbery in the hopes of stealing the television so he could sell it. *Perales v. State*, No. 02-07-268-CR, 2008 WL 4531659, *6 (Tex. App. – Fort Worth Oct. 9, 2008, pet. ref'd) (not designated for publication).

22. The jury heard Applicant's video confession that he saw his co-defendant, Birmingham, point the gun at the victim and kill him. *See Perales v. State*, No. 02-07-268-CR, 2008 WL 4531659, *6 (Tex. App. – Fort Worth Oct. 9, 2008, pet. ref'd) (not designated for publication).

23. Darryl Quinones, Applicant's co-defendant, testified against Applicant in exchange for a plea agreement. [6 RR 189-90]

4

24. Quinones identified Applicant in the courtroom. [6 RR 194]

25. Quinones testified that Applicant and Birmingham came to his house asking him if he wanted to help rob someone. [6 RR 200]

26. Quinones testified that, while in the car, they all discussed robbing a clerk at a gas station. [6 RR 203-04]

27. Quinones testified that they discussed that "[Birmingham was] going to use the gun and hold up the cash register, and [Quinones was] going to be the lookout, drive away, and [Applicant was] going to go in there and assist him." [6 RR 203]

28. Quinones testified that the gas station was in Tarrant County, Texas. [6 RR 205]

29. Quinones testified that, before the robbery, Applicant told Birmingham to watch out because the gun was loaded. [6 RR 209-10]

30. Quinones testified that they were going to pawn the television in the gas station for Christmas money. [6 RR 213-14]

31. Quinones testified that, after the robbery, Applicant tried to get gun away from Birmingham because he didn't trust him with it. [6 RR 218]

32. Quinones identified the people in the store's surveillance video as Applicant and Birmingham. [6 RR 226-227]

33. Quinones testified that the store's surveillance video shows that Birmingham intentionally shot the clerk. [6 RR 231-32]

34. Quinones' testimony was corroborated by the surveillance video and Applicant's video confession.


*Judicial Misconduct (Ground Five)*

35. The Second Court of Appeals found that Applicant failed to prove that any error in the trial court's failure to appoint second counsel sooner affected his substantial rights. *See Perales v. State*, No. 02-07-268-CR,

5

2008 WL 4531659, *10 (Tex. App. – Fort Worth Oct. 9, 2008, pet. ref'd) (not designated for publication).

36. Applicant's fifth ground has already been raised and rejected on direct appeal.

*Ineffective Assistance of Counsel (Grounds Six and Seven)*

37. Hon. Tim Moore and Hon. Robert Ford represented Applicant during the trial proceedings. *See* Judgment.

38. This Court has personal knowledge that Hon. Robert Ford passed away in 2011.

39. Pursuant to the Tarrant County District Attorney's open file policy, counsel received copies of the police reports, detective's reports, witness statements, autopsy reports, ballistics reports, CDs and DVDs of witness interviews, interviews with the three defendants, Applicant's videotaped interview, the in-store video of the robbery/shooting, and photographs. *See* Moore Affidavit, 3.

40. Counsel reviewed everything from the Tarrant County District Attorney's file. *See* Moore Affidavit, 3.

41. Counsel was appointed an investigator to assist in the investigation. *See* Moore Affidavit, 3.

42. Counsel and/or his investigator interviewed all relevant witnesses, including Applicant's family members. *See* Moore Affidavit, 4.

43. Counsel and his investigated visited the crime scene numerous times. *See* Moore Affidavit, 4.

44. Counsel thoroughly investigated and prepared for this trial. *See* Moore Affidavit, p. 1-4.

45. Counsel properly filed pre-trial motions on Applicant's behalf. *See* Moore Affidavit, p. 4; Criminal Docket Sheet.

6

46. Counsel concluded that the evidence against Applicant was overwhelming. *See* Moore Affidavit, 4.

47. Counsel did not object to every time the State used "could" instead of "should" during voir dire because there was no harm as the slide before the jury stated "should" and the State correctly explained the law to the jury. *See* Moore Affidavit, p. 6-7; [4 RR 111]

48. The jury was instructed as follows:
"A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense; or if, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose, and was one that should have been anticipated as a result of the carrying out of the conspiracy. Capital murder, murder and aggravated robbery are felonies."
[CR 159]

49. Applicant presents no harm regarding the State's use of "could" instead of "should" during voir dire and trial.

50. Counsel objected to the State's questioning the officer about who is killing whom. [6 RR 99]

51. Counsel argued to the trial court that he was ineffective for failing to object when the State asked the officer if Applicant was committed capital murder in the surveillance video. [6 RR 99]

52. The trial court found that, "[b]ased on your totality of representation thus far," counsel's objection that he was ineffective was overruled. [6 RR 99-100]

53. Applicant presents no harm regarding the State's use of the term "capital murder" during questioning of the officer.

54. The State's closing argument that Applicant and Birmingham planned the robbery was a summation of Quinones' testimony. [6 RR 199-200; 7 RR 94-95]

55. The State's closing argument that the murder was in the furtherance of the robbery as a summation of the surveillance video evidence and Detective Dishko's testimony. [6 RR 100-02; 7 RR 98]

56. The State's closing argument that the gun was cocked and ready to be used was a reasonable deduction from the evidence that Applicant told Birmingham to be careful with the gun. [6 RR 209-10; 7 RR 117]

57. Counsel objected to the term "reasonably anticipated" and the trial court sustained the objection and instructed the jury to disregard. [7 RR 118]

58. The State's use of the term "they" was a deduction from the evidence.

59. Counsel's decision to not object throughout the State's closing argument was the result of reasonable trial strategy. *See* Moore Affidavit, p. 9-12.

60. Hon. Moore's affidavit is credible and supported by the record.

*Inadmissible Evidence (Ground Eight)*

61. The Second Court of Appeals found that the trial court did not err in allowing the admission of Applicant's videotaped statement into evidence. *See Perales v. State*, No. 02-07-268-CR, 2008 WL 4531659, *5 (Tex. App. – Fort Worth Oct. 9, 2008, pet. ref'd) (not designated for publication).

62. Applicant's eighth ground for relief has already been raised and rejected on direct appeal.

*Ineffective Assistance of Appellate Counsel (Ground Nine)*

63. Appellate counsel did not raise on direct appeal that the evidence was insufficient to support Applicant's conviction. *See Perales v. State*, No.

8

02-07-268-CR, 2008 WL 4531659 (Tex. App. – Fort Worth Oct. 9, 2008, pet. ref'd) (not designated for publication).

64. The State presented the store's surveillance videotape that showed the jury the robbery and the shooting. *See Perales v. State*, No. 02-07-268-CR, 2008 WL 4531659, *1 (Tex. App. – Fort Worth Oct. 9, 2008, pet. ref'd) (not designated for publication).

65. The jury heard Applicant's video confession that he participated in the robbery in the hopes of stealing the television so he could sell it. *Perales v. State*, No. 02-07-268-CR, 2008 WL 4531659, *6 (Tex. App. – Fort Worth Oct. 9, 2008, pet. ref'd) (not designated for publication).

66. The jury heard Applicant's video confession that he saw his co-defendant, Birmingham, point the gun at the victim and kill him. *See Perales v. State*, No. 02-07-268-CR, 2008 WL 4531659, *6 (Tex. App. – Fort Worth Oct. 9, 2008, pet. ref'd) (not designated for publication).

67. Darryl Quinones, Applicant's co-defendant, testified against Applicant in exchange for a plea agreement. [6 RR 189-90]

68. Quinones identified Applicant in the courtroom. [6 RR 194]

69. Quinones testified that Applicant and Birmingham came to his house asking him if he wanted to help rob someone. [6 RR 200]

70. Quinones testified that, while in the car, they all discussed robbing a clerk at a gas station. [6 RR 203-04]

71. Quinones testified that they discussed that "[Birmingham was] going to use the gun and hold up the cash register, and [Quinones was] going to be the lookout, drive away, and [Applicant was] going to go in there and assist him." [6 RR 203]

72. Quinones testified that the gas station was in Tarrant County, Texas. [6 RR 205]

73. Quinones testified that, before the robbery, Applicant told Birmingham to watch out because the gun was loaded. [6 RR 209-10]

9

74. Quinones testified that they were going to pawn the television in the gas station for Christmas money. [6 RR 213-14]

75. Quinones testified that, after the robbery, Applicant tried to get gun away from Birmingham because he didn't trust him with it. [6 RR 218]

76. Quinones identified the people in the store's surveillance video as Applicant and Birmingham. [6 RR 226-227]

77. Quinones testified that the store's surveillance video shows that Birmingham intentionally shot the clerk. [6 RR 231-32]

78. Quinones' testimony was corroborated by the surveillance video and Applicant's video confession.

*Cruel and Unusual Punishment (Ground Ten)*

79. Applicant "was seventeen at the time of the offense." *Perales v. State*, No. 02-07-268-CR, 2008 WL 4531659, *2 (Tex. App. – Fort Worth Oct. 9, 2008, pet. ref'd) (not designated for publication).

80. Applicant was convicted of capital murder. *See* Judgment.

81. Applicant was sentenced to life without the possibility of parole. *See* Judgment; [8 RR 124-125]; Attachment A: Offender Information Details, No. 01449158.

## CONCLUSIONS OF LAW

*General Writ Law*

1. In a habeas corpus proceeding, the burden of proof is on the applicant. *Ex parte Rains*, 555 S.W.2d 478 (Tex. Crim. App. 1977). An applicant "must prove by a preponderance of the evidence that the error contributed to his conviction or punishment." *Ex parte Williams*, 65 S.W.3d 656, 658 (Tex. Crim. App. 2001).

10

2.	Relief may be denied if the applicant states only conclusions, and not specific facts. *Ex parte McPherson*, 32 S.W.3d 860, 861 (Tex. Crim. App. 2000). In addition, an applicant's sworn allegations alone are not sufficient to prove his claims. *Ex parte Empey*, 757 S.W.2d 771, 775 (Tex. Crim. App. 1988).

*Prosecutorial Misconduct (Grounds One, Two, and Three)*

3.	An applicant "must prove by a preponderance of the evidence that the error contributed to his conviction or punishment." *Ex parte Williams*, 65 S.W.3d 656, 658 (Tex. Crim. App. 2001).

4.	"(a) A person is criminally responsible for an offense committed by the conduct of another if:
(1)	acting with the kind of culpability required for the offense, he causes or aids an innocent or nonresponsible person to engage in conduct prohibited by the definition of the offense;
(2)	acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense; or
(3) having a legal duty to prevent commission of the offense and acting with intent to promote or assist its commission, he fails to make a reasonable effort to prevent commission of the offense.
(b)	If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy." Tex. Pen. Code §7.02.

5.	The jury was properly instructed regarding criminal responsibility for conduct of another.

6.	Applicant has failed to prove that he was harmed by the State's use of "could" instead of "should" during voir dire and trial.

7.	This Court recommends that Applicant's first ground for relief be **DENIED**.

11

8. To be permissible, the State's jury argument must fall within one of the following four general areas: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, or (4) plea for law enforcement. *Felder v. State*, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), *cert. denied*, 510 U.S. 829, 11 S.Ct. 95, 126 L.Ed.2d 62 (1993).

9. The State's closing arguments fell within the permissible areas of argument.

10. Applicant has failed to prove that the State committed prosecutorial misconduct.

11. This Court recommends that Applicant's second ground for relief be **DENIED**.

12. This Court recommends that Applicant's third ground for relief be **DENIED**.

*No Evidence (Ground Four)*

13. An allegation of "no" evidence is cognizable on writ of habeas corpus because a conviction based on "no" evidence violates due process. *See Ex parte Murchison*, 560 S.W.2d 654, 656 (Tex. Crim. App. 1978).

14. "(a) A person commits an offense if the person commits murder as defined under Section 19.02(b)(1) and:
    ...
    (2) the person intentionally commits the murder in the course of committing or attempting to commit kidnapping, burglary, robbery, aggravated sexual assault, arson, obstruction or retaliation, or terroristic threat under Section 22.07(a)(1), (3), (4), (5), or (6) ..."
    Tex. Pen. Code §19.03(a)(2).

15. "(a) A person is criminally responsible for an offense committed by the conduct of another if:

(1) acting with the kind of culpability required for the offense, he causes or aids an innocent or nonresponsible person to engage in conduct prohibited by the definition of the offense;

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense; or

(3) having a legal duty to prevent commission of the offense and acting with intent to promote or assist its commission, he fails to make a reasonable effort to prevent commission of the offense.

(b) If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy." Tex. Pen. Code §7.02.

16. Quinones' testimony, Applicant's confession, and the surveillance video was more than "some" evidence that Applicant committed the offense of capital murder.

17. Applicant has failed to prove that there was "no" evidence to support his conviction.

18. This Court recommends that Applicant's fourth ground for relief be **DENIED**.


*Judicial Misconduct (Ground Five)*

19. Unless (1) the record on direct appeal cannot be expected to be sufficient to resolve the claim (i.e. ineffective assistance of counsel); (2) the prior judgment has been rendered void; or (3) the Texas Court of Criminal Appeals has decided to apply relief retroactively after a subsequent change in the law, claims raised and rejected on direct appeal cannot be raised in an application for writ of habeas corpus. *See Ex parte Nailor*, 149 S.W.3d 125, 131 (Tex. Crim. App. 2004); *Ex parte Drake*, 883 S.W.2d 213, 215 (Tex. Crim. App. 1994).

13

20. The record on direct appeal was sufficient to determine whether the trial court erred in not appointing second counsel sooner.

21. There have been no prior judgments rendered void.

22. Applicant does not present any retroactive change in the law.

23. Because Applicant's second counsel claim was raised and rejected on direct appeal, they cannot be raised in this application.

24. This Court recommends that Applicant's fifth ground for relief be **DENIED**.

*Ineffective Assistance of Trial Counsel (Grounds Six and Seven)*

25. The two-prong test enunciated in *Strickland v. Washington* applies to ineffective assistance of counsel claims in non-capital cases. *Hernandez v. State*, 988 S.W.2d 770, 771 (Tex. Crim. App. 1999). To prevail on his claim of ineffective assistance of counsel, the applicant must show counsel's representation fell below an objective standard of reasonableness, and there is a reasonable probability the results of the proceedings would have been different in the absence of counsel's unprofessional errors. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

26. The Court of Criminal Appeals will presume that trial counsel made all significant decisions in the exercise of reasonable professional judgment. *See Delrio v. State*, 840 S.W.2d 443 (Tex. Crim. App. 1992).

27. The totality of counsel's representation is viewed in determining whether counsel was ineffective. *See Cannon v. State*, 668 S.W.2d 401 (Tex. Crim. App. 1984).

28. Support for Applicant's claim of ineffective assistance of counsel must be firmly grounded in the record. *See Johnson v. State*, 691 S.W.2d 619, 627 (Tex. Crim. App. 1984), *cert. denied*, 474 U.S. 865 (1985).

14

29. Counsel properly investigated and prepared for trial.

30. The jury was properly instructed on the law.

31. Applicant has failed to prove that counsel's decision to not repeatedly object to a harmless word usage constituted deficient representation.

32. Applicant has failed to prove that counsel's representation during the trial proceedings constituted deficient representation.

33. To be permissible, the State's jury argument must fall within one of the following four general areas: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, or (4) plea for law enforcement. *Felder v. State*, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), *cert. denied*, 510 U.S. 829, 11 S.Ct. 95, 126 L.Ed.2d 62 (1993).

34. The State's closing arguments fell within the permissible areas of argument.

35. Counsel's decision to not repeatedly object to the State's closing argument was the result of reasonable trial strategy.

36. Applicant has failed to prove that his attorneys' representation fell below an objective standard of reasonableness.

37. A party fails to carry his burden to prove ineffective assistance of counsel where the probability of a different result absent the alleged deficient conduct sufficient to undermine confidence in the outcome is not established. *See Washington v. State*, 771 S.W.2d 537, 545 (Tex. Crim. App.), *cert. denied*, 492 U.S. 912 (1989).

38. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. *If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.*" *Strickland v. Washington*, 466 U.S. 668, 697 (1984) (emphasis added).

15

39. Applicant has failed to show that there is a reasonable probability that, had counsel objected more during voir dire, the result of the proceeding would have been different.

40. Applicant has failed to show that there is a reasonable probability that, had counsel objected more during the trial, the result of the proceeding would have been different.

41. Applicant has failed to show that there is a reasonable probability that, had counsel objected more to the State's jury arguments, the result of the proceeding would have been different.

42. Applicant has failed to show that there is a reasonable probability that, but for the alleged acts of misconduct, the result of the proceeding would be different.

43. Applicant has failed to prove that he received ineffective assistance of trial counsel.

44. This Court recommends that Applicant's sixth ground for relief be **DENIED**.

45. This Court recommends that Applicant's seventh ground for relief be **DENIED**.

*Inadmissible Evidence (Ground Eight)*

46. Unless (1) the record on direct appeal cannot be expected to be sufficient to resolve the claim (i.e. ineffective assistance of counsel); (2) the prior judgment has been rendered void; or (3) the Texas Court of Criminal Appeals has decided to apply relief retroactively after a subsequent change in the law, claims raised and rejected on direct appeal cannot be raised in an application for writ of habeas corpus. *See Ex parte Nailor*, 149 S.W.3d 125, 131 (Tex. Crim. App. 2004); *Ex parte Drake*, 883 S.W.2d 213, 215 (Tex. Crim. App. 1994).

47. The record on direct appeal was sufficient to determine whether the trial court erred in allowing Applicant's confession into evidence.

48. There have been no prior judgments rendered void.

49. Applicant does not present any retroactive change in the law.

50. Because Applicant's confession claim was raised and rejected on direct appeal, they cannot be raised in this application.

51. This Court recommends that Applicant's eighth ground for relief be **DENIED**.

*Ineffective Assistance of Appellate Counsel (Ground Nine)*

52. The standard of review for ineffective assistance of appellate counsel claims is the *Strickland v. Washington* test and is the same as the standard for ineffective assistance of trial counsel claims. *Ex parte Jarrett*, 891 S.W.2d 935, 944 (Tex. Crim. App. 1994), *overruled on other grounds, Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997).

53. The two-prong test enunciated in *Strickland v. Washington* applies to ineffective assistance of counsel claims in non-capital cases. *Hernandez v. State*, 988 S.W.2d 770, 771 (Tex. Crim. App. 1999). To prevail on his claim of ineffective assistance of counsel, the applicant must show counsel's representation fell below an objective standard of reasonableness, and there is a reasonable probability the results of the proceedings would have been different in the absence of counsel's unprofessional errors. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

54. The Court of Criminal Appeals will presume that counsel made all significant decisions in the exercise of reasonable professional judgment. *See Delrio v. State*, 840 S.W.2d 443 (Tex. Crim. App. 1992).

55. The totality of counsel's representation is viewed in determining whether counsel was ineffective. *See Cannon v. State*, 668 S.W.2d 401 (Tex. Crim. App. 1984).

17

56. Support for Applicant's claim of ineffective assistance of counsel must be firmly grounded in the record. *See Johnson v. State*, 691 S.W.2d 619, 627 (Tex. Crim. App. 1984), *cert. denied*, 474 U.S. 865 (1985).

57. An attorney is prohibited from raising claims on appeal that are not founded in the record. *See High v. State*, 573 S.W.2d 807, 811 (Tex. Crim. App. 1978).

58. "In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefore, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt." *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013).

59. "(a) A person commits an offense if the person commits murder as defined under Section 19.02(b)(1) and:

   ...

   (2) the person intentionally commits the murder in the course of committing or attempting to commit kidnapping, burglary, robbery, aggravated sexual assault, arson, obstruction or retaliation, or terroristic threat under Section 22.07(a)(1), (3), (4), (5), or (6) ..."
   Tex. Pen. Code §19.03(a)(2).

60. "(a) A person is criminally responsible for an offense committed by the conduct of another if:
   (1) acting with the kind of culpability required for the offense, he causes or aids an innocent or nonresponsible person to engage in conduct prohibited by the definition of the offense;
   (2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense; or
   (3) having a legal duty to prevent commission of the offense and acting with intent to promote or assist its commission, he fails to make a reasonable effort to prevent commission of the offense.
   (b) If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful

18

purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy." Tex. Pen. Code §7.02.

61. Quinones' testimony, Applicant's confession, and the surveillance video was legally sufficient evidence to support Applicant's conviction.

62. Counsel properly did not attack the sufficiency of the evidence on direct appeal because the error was not supported by the record.

63. Applicant has failed to prove that his appellate attorney's representation fell below an objective standard of reasonableness.

64. A party fails to carry his burden to prove ineffective assistance of counsel where the probability of a different result absent the alleged deficient conduct sufficient to undermine confidence in the outcome is not established. *See Washington v. State*, 771 S.W.2d 537, 545 (Tex. Crim. App. 1989), *cert. denied*, 492 U.S. 912.

65. Applicant has failed to show that there is a reasonable probability that, has counsel raised a sufficiency of the evidence claim on direct appeal, the result of the proceeding would be different.

66. Applicant has failed to show that there is a reasonable probability that, but for the alleged acts of misconduct, the result of the proceeding would be different.

67. Applicant has failed to prove that he received ineffective assistance of appellate counsel.

68. This Court recommends that Applicant's ninth ground for relief be **DENIED**.

*Cruel and Unusual Punishment (Ground Ten)*

69. Mandatory life without parole for a defendant who was under the age of 18 at the time he committed his crime violates the Eighth Amendment's prohibition of cruel and unusual punishment under *Miller v. Alabama*. *Ex parte Maxwell*, 424 S.W.3d 66, 67 (Tex. Crim. App. 2014) (citations omitted).

19

70. *Miller v. Alabama* applies retroactively. *Ex parte Maxwell*, 424 S.W.3d 66, 76 (Tex. Crim. App. 2014).

71. Because Applicant was 17 when he committed this capital murder, he is entitled to a new sentencing hearing so that a factfinder can determine whether he should be sentenced to (1) life with the possibility of parole or (2) life without parole "after consideration of [A]pplicant's individual conduct, circumstances, and character." *Ex parte Maxwell*, 424 S.W.3d 66, 76 (Tex. Crim. App. 2014).

72. Applicant's tenth ground for relief should be **GRANTED.**

WHEREFORE, the State prays that this Court adopt these Proposed Findings of Fact and Conclusions of Law and recommend that Applicant's tenth ground for relief be **GRANTED**, Applicant's case be remanded for resentencing, and all other grounds for relief be **DENIED.**

Respectfully submitted,

JOE SHANNON, JR.
Criminal District Attorney
Tarrant County

Andréa Jacobs
Assistant District Attorney
State Bar No. 24037596
401 West Belknap
Fort Worth, TX 76196-0201
Phone:      817/884-1687
Facsimile:  817/884-1672

20

## CERTIFICATE OF SERVICE

A true copy of the above has been mailed to Applicant, Mr. Julis Perales, TDCJ-ID# 01449158, Alfred Hughes Unit, Route 2 Box 4400, Gatesville, Texas 76597 on the 23rd day of July, 2014.

_____
Andréa Jacobs

## CERTIFICATE OF COMPLIANCE

I certify that the total number of words in this State's Proposed Findings of Fact and Conclusions of Law is **5560** words as determined by Microsoft Office Word 2010.

_____
Andréa Jacobs

 **TEXAS DEPARTMENT OF CRIMINAL JUSTICE**     **TDCJ Home**     **New Offender Search**

# Offender Information Details

Return to Search list

| | |
|---|---|
| **SID Number:** | 06870011 |
| **TDCJ Number:** | 01449158 |
| **Name:** | PERALES,JULIS EDWARD |
| **Race:** | B |
| **Gender:** | M |
| **DOB:** | 1988-01-27 |
| **Maximum Sentence Date:** | LIFE WITHOUT PAROLE |
| **Current Facility:** | ALFRED HUGHES |
| **Projected Release Date:** | LIFE WITHOUT PAROLE |
| **Parole Eligibility Date:** | LIFE WITHOUT PAROLE |
| **Offender Visitation Eligible:** | YES |

*Information provided is updated once daily during weekdays and multiple times per day on visitation days. **Because this information is subject to change, family members and friends are encouraged to call the unit prior to traveling for a visit.***

## SPECIAL INFORMATION FOR SCHEDULED RELEASE:

| | |
|---|---|
| **Scheduled Release Date:** | Offender is not scheduled for release at this time. |
| **Scheduled Release Type:** | Will be determined when release date is scheduled. |
| **Scheduled Release Location:** | Will be determined when release date is scheduled. |

### Offense History:

| Offense Date | Offense | Sentence Date | County | Case No. | Sentence (YY-MM-DD) |
|---|---|---|---|---|---|
| 2005-12-20 | CAPITAL MURDER | 2007-07-19 | TARRANT | 1005465D | 5555-55-55 |

